**FILED**

APR - 6 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Everton A. Berry, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. **12 0545** |
| ) | |
| United States of America *et al.*, ) | |
| ) | |
| Respondents. ) | |

MEMORANDUM OPINION

This matter is before the Court on the petition for relief under 28 U.S.C. § 2255, accompanied by petitioner's application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner is a North Carolina prisoner challenging a judgment of conviction purportedly entered by the United States District Court for the Eastern District of North Carolina. Pet. ¶ 1. Petitioner claims that he was denied his Sixth Amendment right to counsel during his criminal trial. *See id.* at 6. Petitioner must present his claim to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255, which states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner has not shown that his available remedy is inadequate or ineffective.

If, as it appears, petitioner is actually challenging a state conviction, his federal court remedy lies under 28 U.S.C. § 2254 after the exhaustion of available state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).

Whether proceeding under § 2255 or § 2254, petitioner has no available remedy in this Court. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: April 4th, 2012